GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

MILTON WEISS, Defendant

Case No. 249-1975

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ALEXANDER SAMPSIDIS, Defendant

Case No. 351-1975

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ANNA AMSTADT, Defendant

Case No. 350-1975

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

SUSAN MENAKER, Defendant

Case No. 352-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

March 17, 1976

HOFFMAN, *Judge*

ORDER

The record will show that on March 15, 1976 this case came on for trial for the third time since the Judgment on appeal entered by the District Court on November 18, 1975. Counsel for the Government has not been ready to proceed on January 12, 1976, February 2, 1976 (a peremptory setting) and at 10:00 a.m. on March 15, 1976 (which was also a peremptory setting). Counsel for the defendants was not ready as to two of the defendants on January 12th but was ready February 2nd and was ready on March 15, 1976. This incident dates back to July 23, 1975. A complaint was not filed until August 19, 1975—and only then after defense counsel has moved to dismiss for failure to file a complaint. At the February 2, 1976 hearing in this case I made it absolutely clear that this case would go to trial on March 12, 1976.

On March 15, 1976, the Government was not ready to proceed at 10:00 a.m. due to the absence of the arresting officer, Patrolman Robert Kelch (who was allegedly subpoenaed to the District Court) and Chemist John Richards (who was in St. Croix). This case was set for trial for 2:30 p.m. of the same day. At the 2:30 p.m. call of the calendar, the Government again notified the Court that it had not even located Patrolman Kelch and that it could not proceed without him. Defendant moved for a dismissal for failure to prosecute.

It is appalling to the Court that the Government would pursue and prevail on an appeal with regard to the suppression of evidence in this matter and then not take every effort to prosecute this case. The Government had six weeks to assure that all its witnesses were present on March 15, 1976.

However, the Court noted on the record its opinion that a

451

dismissal under Rule 48(b) was not a proper remedy here. The Court held that the delay here, while inexcusable on the Government's part and wholly unnecessary within the context of Rule 48(b) was not of such length or of such a nature as to be of a constitutional violation of defendant's 6th Amendment rights to a speedy trial. As such, the most the Court can do for the defendants under Rule 48(b) would be to dismiss this case without prejudice. The Court has bent over backwards to allow the Government an opportunity to be fully prepared to try its case. In the Court's opinion, the Government was not entitled to *any* further consideration in this matter.

Therefore, defendant's motion to dismiss was denied and the Government's motion for a continuance was likewise denied. The Government was ordered to proceed to trial and the Government indicated in open Court that it could not proceed without the testimony of Patrolman Kelch.

Accordingly, it is hereby ORDERED that the complaints in these cases are hereby DISMISSED and the defendant's bonds are hereby released.

It is so ordered.